NO. 07-09-0084-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 16, 2009
______________________________

ANNABELLA TORRES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,350-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          On December 2, 2005, appellant, Annabella Torres, entered a plea of guilty to the
offense of aggravated robbery and was placed on deferred adjudication for a period of ten
years. Subsequently, the State of Texas filed a motion to adjudicate alleging a number of
violations of her terms and conditions of community supervision. On January 28, 2009, the
trial court held a hearing on the State’s motion to adjudicate appellant. Appellant entered
a plea of true to the allegations that she violated her terms and conditions of community
supervision. Appellant’s plea of true was without any agreement as to punishment. After
hearing the evidence, the trial court adjudicated her guilty and sentenced her to a term of
confinement of 15 years in the Institutional Division of the Texas Department of Criminal
Justice. It is from this judgment that appellant appeals.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967); In re Schulman, 252
S.W.3d 403 (Tex.Crim.App. 2008). In support of his motion to withdraw, counsel certifies
that he has diligently reviewed the record, and in his opinion, the record reflects no
reversible error upon which an appeal can be predicated. Anders, 386 U.S. at 744-45. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the trial court’s
judgment. Additionally, counsel has certified that he has provided appellant a copy of the
Anders brief and motion to withdraw and appropriately advised appellant of his right to file
a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App.
1991). The court has also advised appellant of his right to file a pro se response. 
Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



 
                                                                           Mackey K. Hancock

                                                                                     Justice





Do not publish. 



Motion for Extension of Time to respond to Judges Order 

On Motions For Summary Judgment


 Plaintiff requests a extension of time of 30 days to respond to the Courts
Order "On Motions For Summary Judgment" entered on April 12, 2007.


 Plaintiff is requesting the recording Secretary of Parmer County District Court
to transcribe the hearing of April 10, 2007 on cause of action 9451.


 Plaintiff, as of right provided by Judicial practice and procedure, requests the
transcription to the Courts hearing on April 10, 2007 on cause of action 9451
to respond to the Order "On Motions For Summary Judgment". 
(Capitalization, punctuation and wording as in original).
6. A notice of appeal filed no later than fifteen days after the deadline for filing may
be timely if the appellant complies with Rule of Appellate Procedure 26.3. See Woodard
v. Higgins, 140 S.W.3d 462, 462 (Tex.App.-Amarillo, no pet.) (applying rule). This rule has
no application here because Kriegel's notice was filed outside the fifteen-day period.